Filed 3/22/13  P. v. Jorrin CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071926 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01200) |
| v. | |
| EDUARDO MANUEL JORRIN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant  Eduardo Manuel Jorrin asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we shall affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On February 14, 2012, Los Rios College Police Officer Charles Burnett was driving his vehicle on patrol at Sacramento City College.  When he entered the parking lot designated for paratransit drop-off and handicapped parking, Burnett saw defendant

1

making an unsafe turn in his vehicle. Burnett activated the overhead lights on his patrol car and drove his vehicle until it was front bumper to front bumper with defendant's vehicle.

While stopped, bumper to bumper, with defendant's car, Burnett saw defendant moving around a lot with his hands below the dashboard and looking into his lap. Defendant then drove his car in reverse with Burnett pursuing him until defendant's car was blocked into a corner of the parking lot. Burnett then got out of his patrol vehicle and approached the passenger side of defendant's car.

As he approached defendant's car, Burnett smelled marijuana, saw a glass jar containing marijuana on the floorboard of the car, and asked to see defendant's driver's license. Defendant told Burnett he did *not* have permission to search his car, and handed Burnett his driver's license. Burnett then asked defendant to step out of the car.

When defendant got out of the car, Burnett noticed a bulge in defendant's pocket. Burnett attempted to perform a pat-down search of defendant, then attempted to place a control hold on defendant by taking a hold of defendant's hands. Initially, defendant resisted Burnett, but ultimately complied and Burnett was able to place defendant in handcuffs. However, when Burnett tried to spread defendant's feet, defendant began kicking at Burnett.

Once defendant stopped resisting the search, he told Burnett that he had "a little bit of weed." Burnett responded: "if that's all this is about, you need to relax and be compliant for a few more seconds." Burnett then removed an unloaded revolver from the heavy bulge in defendant's front pocket. A subsequent search of defendant's car revealed a glass jar containing marijuana, and bullets were found in defendant's shoe.

Defendant was arrested and charged with unlawfully bringing a firearm to a college campus (Pen. Code, § 626.9, subd. (i)), unlawfully carrying a concealed revolver

2

within his vehicle (*id*., § 25400, subd. (a)(1)), and possession of not more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (b)).  It was further alleged that "both the firearm, and unexpended ammunition capable of being discharged from that firearm, were in the immediate possession of . . . defendant and were readily accessible to . . . defendant, and the firearm was loaded; and, further . . . defendant is not listed with the Department of Justice pursuant to Penal Code section 11106[, subdivision] (c)(1) as the registered owner of that particular firearm, within the meaning of Penal Code section 25400[, subdivision] (c)(6)."

Defendant filed a motion to suppress evidence found as a result of the search he argued was unlawful.  The trial court heard defendant's motion along with the preliminary hearing; the court denied defendant's motion to suppress and defendant was held to answer to all charges and allegations.  Defendant then pleaded no contest to carrying a concealed revolver in his vehicle in exchange for a conditional promise of no state prison, five years of formal probation, and a dismissal of the remaining charges and allegations.

Defendant was later sentenced to five years of formal probation in accordance with his plea and the remaining charges and allegations were dismissed.  In addition, the trial court ordered defendant to serve 90 days in county jail, ordered him to pay various fines and fees, and awarded defendant six days of custody credit (three days of actual and three days of conduct).  Defendant appealed with a certificate of probable cause.

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                                     BUTZ        , J.


We concur:


       NICHOLSON    , Acting P. J.


       MAURO      , J.